UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIEN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>M. SEXTON, et al.,<br><br>Defendants. | Case No. 1:18-cv-0513-DAD-JLT (PC)<br><br>**ORDER FINDING COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO FILE A RESPONSE**<br><br>(Doc. 1.)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

////

1

**I. Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff's claims arose during his incarceration at California State Prison in Corcoran, California ("CSP-Cor"). He names as defendants CSP-Cor Warden M. Sexton, Correctional Officer ("CO") H. Vera, CO H. Baeza, CO H. Tinero, Sergeant P. Perez, Sergeant H. Gomez, Lieutenant H. Amaya, CO John Doe 1, Sergeant John Doe 2, and Medical Provider Jane Doe 1.

Plaintiff's allegations may be fairly summarized as follows:

On January 26, 2017, plaintiff filed an inmate grievance for staff misconduct against CO Vera for discrimination relating to an alleged denial of participation in plaintiff's assigned prison job as a housing building porter; CO Vera was a supervisor.

On March 22, 2017, CO Vera and CO Tinero brutally assaulted plaintiff in front of an observation window where John Doe 1 was posted. John Doe 1 failed to intervene or otherwise assist plaintiff, who was in restraints at the time and did not provoke or resist the assault. This assault caused extensive injuries, including bleeding and swelling of plaintiff's face, a split lip, sharp and intense pain, a brief loss of consciousness, disorientation, and humiliation. Despite his injuries, plaintiff was not provided medical care by CO Vera, CO Tinero, or John Doe 1. Instead, he was simply returned to his housing unit.

The next morning, on March 23, 2017, plaintiff went to the Triage and Treatment area where Jane Doe 1 examined plaintiff and drafted a medical report documenting plaintiff's injuries.

Later that same day, plaintiff was summoned to the Program Office where supervisory staff members interviewed plaintiff regarding the assault. This interview was not conducted at plaintiff's request or in response to a grievance he filed. Immediately after this interview, plaintiff was instructed to pack his belongings for an immediate non-disciplinary transfer to another facility for "safety concerns."[1]

Plaintiff has never been charged or reprimanded in any way following the March 22, 2017, assault. Plaintiff seeks damages, injunctive, and declaratory relief.

## III. Discussion

### A. First Amendment Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

---

[1] Plaintiff's recent filings suggests that he is still housed at CSP-Cor.

3

Plaintiff alleges that on January 26, 2017, he submitted an inmate grievance complaining about CO Vera. Shortly thereafter, CO Vera brutally assaulted him without provocation. The timing of these events suggests that the assault was in retaliation for plaintiff exercising his First Amendment right to file a grievance. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Accordingly, the Court finds that plaintiff has adequately asserted a First Amendment retaliation claim against CO Vera.

**B. Eighth Amendment Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff accuses CO Vera of assaulting him without provocation on March 22, 2017, causing significant pain and injury. These allegations are sufficient to state a claim against this defendant. It is unclear, however, if plaintiff is also accusing CO Tinero of assaulting him: he first states that CO Vera assaulted him "with the aid of Defendant H. Tinero," but he later states that CO Tinero "allow[ed] defendant Vera to brutally assault plaintiff...." Compare Compl. ¶ 16 with Compl. ¶ 32. Due to this confusion, the Court finds that plaintiff has not adequately asserted a claim against CO Tinero.

////

**C. Eighth Amendment Failure to Protect**

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A plaintiff may state a claim for deliberate indifference against a supervisor based on the supervisor's knowledge of, and acquiescence in, unconstitutional conduct by his or her subordinates. Starr, 652 F.3d at 1207. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Id.

Plaintiff has properly alleged that John Doe 1 was a witness to the assault by CO Vera, and that he failed to stop or otherwise help plaintiff. However, as noted, plaintiff's allegations are too vague as to CO Tinero in that it is not clear if this individual participated in or witnessed the assault. Additionally, any attempt to impose liability on the supervisory personnel—Wilson, Perez, Gamez, Amaya, and John Doe 2, who are accused only of "allowing an unsafe and hostile environment" and/or causing a "cover-up by omission … in their fiduciary responsibilities and obligations" – fails because the allegations are simply far too vague and conclusory to state a claim.

**D. Eighth Amendment Medical Indifference**

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton

infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Plaintiff accuses CO Vera, CO Tinero, CO Baeza, and John Doe 1 of denying him medical care following the March 22, 2017, assault. While the allegations are sufficient as to CO Vera, CO Tinero, and John Doe 1, they are far too vague as to CO Baeza. Other than identifying that this defendant was assigned to the housing unit on the date and time when the assault took place, plaintiff fails to assert any allegations to suggest that CO Baeza witnessed the assault or was otherwise aware of plaintiff's injuries.

Plaintiff also accuses Jane Doe 1 of being medically indifferent to his injuries, but he alleges only that this defendant examined plaintiff on March 23, 2017, and completed a form. These

6

allegations, standing alone, do not state a claim.

**E. Violation of Prison Regulations**

To the extent that plaintiff seeks redress for violations arising from the failure to adhere to prison regulations, he is hereby informed that there is no federal constitutional liberty interest in compliance with state prison regulations. Solomon v. Felker, 2013 WL 5375538, at *12 (E.D. Cal. Sept. 24, 2013) ("Plaintiff's allegation that the defendants failed to adhere to the prison's own institutional policies and procedures does not, by itself, give rise to the level of a violation of plaintiff's due process rights."); Sandin v. Conner, 515 U.S. 472, 481-82, (1995) (stating that prison regulations are "primarily designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates"); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations."); Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."); see also Armstrong v. Warden of USP Atwater, 2011 WL 2553266, at *8 (E.D. Cal. June 24, 2011) (citing same).

**IV. Conclusion**

In summary, plaintiff's complaint states a cognizable (1) First Amendment retaliation claim against CO Vera, (2) an Eighth Amendment excessive force claim against CO Vera, (3) an Eighth Amendment failure-to-protect claim against John Doe 1, and (4) an Eighth Amendment medical indifference claim against CO Vera, CO Tinero, and John Doe 1. The remaining claims are not cognizable as pled.

The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). Under this last option, the Court will issue findings and recommendations to the district judge to dismiss the non-cognizable claims.

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding

1 only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The undersigned will then recommend that his remaining claims be dismissed.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Accordingly, the Court **ORDERS**:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
2. Within 30 days from the date of service of this order, plaintiff must:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claims found to be cognizable in this order; or
    c. Notify the Court in writing that he wishes to stand on his complaint as written; and

8

3. If plaintiff fails to comply with this order, the Court will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 18, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE