| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JAMIEN WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. SEXTON, Warden at California State Prison, Corcoran; et al.,<br><br>　　　　Defendants. | No. 1:18-cv-0513-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING NON-COGNIZABLE CLAIMS AND DENYING REQUEST FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 18, 20) |

Plaintiff Jamien Washington is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 18, 2019, the assigned magistrate judge screened the complaint and found that plaintiff had stated the following cognizable claims: (1) a First Amendment retaliation claim against Correctional Officer ("CO") Vera; (2) an Eighth Amendment excessive force claim against CO Vera; (3) an Eighth Amendment failure-to-protect claim against John Doe 1; and (4) an Eighth Amendment medical indifference claim against CO Vera, CO Tinero, and John Doe 1. (Doc. No. 16 at 7.) The magistrate judge concluded that the complaint did not state any other cognizable claim against any other defendant. (*Id.*) Plaintiff was granted leave to: 1) file an amended complaint; 2) notify the court of his willingness to proceed only on the claims found to

be cognizable in the screening order; or 3) stand on the complaint as written, subject to dismissal of claims and defendants. (*Id.* at 8–9.) On January 31, 2019, plaintiff notified the court of his willingness to proceed only on the claims identified by the magistrate judge as cognizable in the screening order. (Doc. No. 17.)

Consequently, on February 15, 2019, the magistrate judge issued findings and recommendations, recommending that this action proceed on the cognizable claims identified in the screening order and that the remaining claims and defendants be dismissed. (Doc. No. 18.) On September 24, 2019, the magistrate judge further recommended that plaintiff's September 3, 2019 request for injunctive relief be denied due to it being directed at an individual who was not party to this action. (Doc. Nos. 19, 20.) Both findings and recommendations were served upon plaintiff by mailed at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) No objections have been filed and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on February 15, 2019 (Doc. No. 18) and September 24, 2019 (Doc. No. 20) are adopted in full;
2. This action shall proceed on the following claims advanced by plaintiff:
   a. A First Amendment retaliation claim against CO Vera;
   b. An Eighth Amendment excessive force claim against CO Vera;
   c. An Eighth Amendment failure-to-protect claim against John Doe 1;
   d. An Eighth Amendment medical indifference claim against CO Vera, CO Tinero, and John Doe 1;
3. All remaining claims asserted and defendants named in the complaint are dismissed due to failure to state a cognizable claim;

4. Plaintiff's motion for injunctive relief is denied (Doc. No. 20); and

5. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **January 16, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE